### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHELLE L. HADLEY, | : | |
| Plaintiff, | : | |
| vs. | : | CA 19-0600-MU |
| ANDREW M. SAUL,<br>Commissioner of Social Security, | : | |
| | : | |
| Defendant. | | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Michelle L. Hadley brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claims for a period of disability, disability insurance benefits, and supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 20 ("In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 21 (endorsed order of reference by Senior District Judge Callie V.S. Granade)). Upon consideration of the administrative record, Plaintiff's brief, and the Commissioner's brief,[1] the Court concludes that the Commissioner's

---

[1]  The parties in this case waived oral argument. (*See* Docs. 19 & 22).

decision denying benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[2]

## I. Procedural Background

Plaintiff protectively filed applications for disability insurance benefits and supplemental security income on or about April 30, 2015, alleging disability beginning on March 2, 2015. (*See* Tr. 287-93 & 294-99). Hadley's claims were initially denied on August 10, 2015 (Tr. 128-29 & 158-62; *see* Tr. 184-89) and, following Plaintiff's November 13, 2015 request for a hearing before an Administrative Law Judge ("ALJ") (*see* Tr. 165-66), a hearing was before an ALJ on March 20, 2017 (Tr. 71-87). On June 7, 2017, the ALJ issued a decision finding that the claimant was not disabled and, therefore, not entitled to social security benefits (Tr. 133-47). A written request for review of the ALJ's decision was made by Plaintiff (Tr. 230) and, on April 30, 2018, the Appeals Council entered an order remanding the case to the ALJ for further consideration of four identified issues (*see* Tr. 155-56).[3] Following the Appeals Council's remand, a supplemental hearing was conducted on November 1, 2018 (Tr. 58-70). On November 30, 2018, the ALJ issued his

---

[2] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 20 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.")).

[3] In particular, the Appeals Council focused on the ALJ's failure to perform a function-by-function assessment of Hadley's ability to perform work-related mental activities despite the finding that Plaintiff had a severe impairment of organic mental disorder and noted that if Plaintiff was limited in certain identified areas, it could affect her ability to perform work at the sedentary level. (Tr. 155). The Appeals Council went on to instruct the ALJ to give further consideration to Hadley's "maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations." (Tr. 156). And, finally, the Appeals Council instructed the ALJ to "obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base" if such testimony was warranted. (*Id.*).

remand decision, again finding claimant not disabled and not entitled to disability insurance benefits or supplemental security income. (Tr. 34-44). More specifically, the ALJ determined that Hadley retains the residual functional capacity to perform the full range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with no limitations to her ability to perform work-related mental activities. (Tr. 39). The ALJ then applied the Medical-Vocational Guidelines (the "Grids") and found Plaintiff not disabled. (Tr. 44). Plaintiff again appealed the ALJ's unfavorable decision to the Appeals Council; however, this time the Appeals Council denied Plaintiff's request for review on July 5, 2019. (Tr. 1-3). Thus, the hearing decision became the final decision of the Commissioner of Social Security.

Plaintiff alleges disability due to intracranial injury and cerebral palsy with spastic left hemiparesis. The Administrative Law Judge (ALJ) made the following relevant findings:

> **2. The claimant has not engaged in substantial gainful activity since March 2, 2015, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*)**
>
> . . .
>
> **3. The claimant has the following severe impairments: intracranial injury, cerebral palsy with spastic left hemiparesis (20 CFR 404.1520(c) and 416.920(c)).**
>
> . . .
>
> **4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).**
>
> . . .

>**5.     After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). There is no indication of any documented limitation(s) to the claimant's ability to do work-related mental activities.**
>
>.   .   .
>
>**6.     The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).**
>
>.   .   .
>
>**7.     The claimant was born on March 12, 1970 and was 44 years old, which is defined as a "younger individual, age 18-44", on the alleged disability onset date. The claimant subsequently changed age category to a "younger individual age 45-49"  (20 CFR 404.1563 and 416.963).**
>
>**8.     The claimant has a 12th grade special education and is able to communicate in English (20 CFR 404.1564 and 416.964).**
>
>**9.     Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).**
>
>**10.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).**
>
>.   .   .
>
>**11.    The claimant has not been under a disability, as defined in the Social Security Act, from March 15, 2015, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).**

(Tr. 36, 37, 38, 39, 43 & 44 (emphasis in original)).

## II. Standard of Review and Claims on Appeal

In all Social Security cases, an ALJ utilizes a five-step sequential evaluation

> to determine whether the claimant is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Social Sec.*, 457 Fed. Appx. 868, 870 (11th Cir. Feb. 9, 2012)[4] (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden, at the fourth step, of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Although "a claimant bears the burden of demonstrating an inability to return to her past relevant work, the [Commissioner of Social Security] has an obligation to develop a full and fair record." *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). If a plaintiff proves that she cannot do her past relevant work, as here, it then becomes the Commissioner's burden—at the fifth step—to prove that the plaintiff is capable—given her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Phillips, supra,* 357 F.3d at 1237; *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir.R. 36-2.

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform a full range of sedentary jobs and, therefore, is not disabled under the "Grids," is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[5] Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. Appx. 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And, "'[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence.'" *Id.* (quoting *Crawford v. Commissioner of Social Sec.*, 363 F.3d 1155, 1158-1159 (11th Cir. 2004)).

On appeal to this Court, Hadley asserts three reasons the Commissioner's decision to deny her benefits is in error (*i.e.,* not supported by substantial evidence), namely: (1) the ALJ's erred in failing to find that Plaintiff's conditions meet or equal Listing 1.02A and erred in failing to evaluate uncontroverted orthopedic evidence; (2) the ALJ erred in finding that she has the physical ability to perform the full range of sedentary work and, therefore, in relying upon the Grids as a basis for the decision; and (3) the ALJ erred

---

[5] This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

in finding she has no mental limitations which affect her ability to perform the full range of sedentary work and, therefore, in relying upon the Grids as a basis for the decision. Because the undersigned finds that the ALJ erred to reversal with respect to Plaintiff's second assignment of error, the Court has no reason to address Hadley's other assignments of error. *See Pendley v. Heckler,* 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims.").

At step four of the sequential evaluation process, the responsibility for making the residual functional capacity determination rests with the ALJ, *see, e.g.,* 20 C.F.R. § 404.1546(c) ("If your case is at the administrative law judge hearing level . . ., the administrative law judge . . . is responsible for assessing your residual functional capacity."), who must "'assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence' in the case." *Phillips, supra,* 357 F.3d at 1238 (alteration in the original), quoting 20 C.F.R. § 404.1520(e). A plaintiff's RFC—which "includes physical abilities, such as sitting, standing or walking, and mental abilities, such as the ability to understand, remember and carry out instructions or to respond appropriately to supervision, co-workers and work pressure[]"—"is a[n] [] assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." *Watkins, supra,* 457 Fed. Appx. at 870 n.5 (citing 20 C.F.R. §§ 404.1545(a)-(c), 416.945(a)-(c)). Included under the umbrella of physical activities are other physical functions, such as manipulative functions like reaching and handling, etc. *See, e.g.,* 20 C.F.R. § 1545(b). And, of course, some impairments, like epilepsy, can

impose environmental restrictions and may cause limitations which affect an individual's work-related abilities. *See, e.g.,* 20 C.F.R. § 404.1545(d). In short, a claimant's RFC is "the most [she] can still do despite" the limitations caused by her impairments. 20 C.F.R. 404.1545(a)(1). As observed by the Northern District of Alabama in *Callens v. Astrue,* 2012 WL 3542200 (N.D. Ala. Aug. 15, 2012), "[b]ecause the RFC is a 'unction-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities, the ALJ must make the assessment based on all of the relevant evidence[.]" *Id.* at *3 (internal quotation marks and citation omitted). And to find that an ALJ's RFC determination is supported by substantial evidence, it must be shown that the ALJ has "'provide[d] a sufficient rationale to link'" substantial record evidence "'to the legal conclusions reached.'" *Ricks v. Astrue*, 2012 WL 1020428, *9 (M.D. Fla. Mar. 27, 2012) (quoting *Russ v. Barnhart*, 363 F. Supp. 2d 1345, 1347 (M.D. Fla. 2005)); *compare id. with Packer v. Astrue*, 2013 WL 593497, *4 (S.D. Ala. Feb. 14, 2013) ("'[T]he ALJ must link the RFC assessment to specific evidence in the record bearing upon the claimant's ability to perform the physical, mental, sensory, and other requirements of work.'"), *aff'd,* 542 Fed. Appx. 890 (11th Cir. Oct. 29, 2013); *see also Hanna v. Astrue*, 395 Fed. Appx. 634, 636 (11th Cir. Sept. 9, 2010) (per curiam) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review. . . . Absent such explanation, it is unclear whether substantial evidence supported the ALJ's findings; and the decision does not provide a meaningful basis upon which we can review [a plaintiff's] case." (internal citation omitted)).[6]

---

[6] It is the ALJ's (or, in some cases, the Appeals Council's) responsibility, not the responsibility of the Commissioner's counsel on appeal to this Court, to "state with clarity" the grounds for an RFC determination. Stated differently, "linkage" may not be manufactured (Continued)

The RFC determination is important because it "is used both to determine whether the claimant: (1) can return to her past relevant work under the fourth step; and (2) can adjust to other work under the fifth step[.]" *Phillips, supra,* 357 F.3d at 1238, citing 20 C.F.R. § 404.1520(e). And, where, as here, the ALJ determines that the claimant is incapable of returning to her past relevant work, then the ALJ moves to step five where "the burden shifts to the Commissioner to show the existence of other jobs in the national economy, given the claimant's impairments, the claimant can perform[,]" *Stone v. Commissioner of Soc. Sec.,* 503 Fed.Appx. 692, 694 (11th Cir. Jan. 4, 2013) (internal quotation marks and citation omitted), considering the claimant's residual functional capacity, age, education, and work experience, *Phillips, supra,* 357 F.3d at 1239.

The ALJ considers the physical requirements of a job, as divided in five exertional categories, one of which is sedentary work. *Baker v. Commissioner of Soc. Sec.,* 384 Fed.Appx. 893, 895 (11th Cir. June 23, 2010), citing 20 C.F.R. § 1567(a)-(e). Sedentary work is defined as work which

---

speculatively by the Commissioner—using "the record as a whole"—on appeal, but rather, must be clearly set forth in the Commissioner's decision. *See, e.g., Durham v. Astrue*, 2010 WL 3825617, *3 (M.D. Ala. Sept. 24, 2010) (rejecting the Commissioner's request to affirm an ALJ's decision because, according to the Commissioner, overall, the decision was "adequately explained and supported by substantial evidence in the record"; holding that affirming that decision would require that the court "ignor[e] what the law requires of the ALJ[; t]he court 'must reverse [the ALJ's decision] when the ALJ has failed to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted'" (quoting *Hanna*, 395 Fed. Appx. at 636 (internal quotation marks omitted))); *see also id.* at *3 n.4 ("In his brief, the Commissioner sets forth the evidence on which the ALJ could have relied . . . . There may very well be ample reason, supported by the record, for [the ALJ's ultimate conclusion]. However, because the ALJ did not state his reasons, the court cannot evaluate them for substantial evidentiary support. Here, the court does not hold that the ALJ's ultimate conclusion is unsupportable on the present record; the court holds only that the ALJ did not conduct the analysis that the law requires him to conduct." (emphasis in original)); *Patterson v. Bowen*, 839 F.2d 221, 225 n.1 (4th Cir. 1988) ("We must . . . affirm the ALJ's decision only upon the reasons he gave.").

> involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a) & 416.967(a). Social Security Ruling 83-10 further elaborates on sedentary work by providing that "periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours out of an 8-hour workday." SSR 83-10. Additionally,

> [m]ost unskilled sedentary jobs require good use of both hands and the fingers, i.e., bilateral manual dexterity. Fine movements of small objects require the use of fingers, e.g., to pick or pinch. Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions.
>
> Any significant manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the unskilled sedentary occupational base.

SSR 96-9p; *cf.* 20 C.F.R. § 404.1569a(c) (identifying nonexertional limitations/restrictions as including difficulty tolerating some physical features of certain work settings, such as an inability to tolerate dust or fumes, and difficulty performing manipulative functions of some work settings, such as reaching, handling, etc.). In order for an ALJ to properly determine that a claimant can perform a full range of work at a particular exertional level, such as sedentary work, the claimant "'must be able to perform substantially all of the exertional and nonexertional functions required to work at that level.'" *Baker, supra,* 384 Fed.Appx. at 895, quoting SSR 96-8p.

10

It is well-established that the ALJ may approach the Commissioner's step 5 burden in one of two ways, either by reliance on the Grids[7] or by utilization of vocational expert[8] testimony. *Compare, e.g., Heatly v. Commissioner of Soc. Sec.,* 382 Fed.Appx. 823, 825 (11th Cir. June 11, 2010) ("At step five, in appropriate circumstances, the ALJ may use the Grid (instead of vocational testimony) to establish whether alternative gainful work exists that a claimant can perform and, in turn, to determine whether the claimant is disabled.") *with Baker, supra,* 384 Fed.Appx. at 895 (an ALJ may rely on the Grids or consult a VE). And "[i]f the ALJ concludes that the claimant can perform a full range of work at a given level, and also that the claimant has no non-exertional limitations that significantly limit basic work skills, the ALJ may exclusively rely on the Grids to determine if claimant is disabled." *Baker, supra,* at 895, citing *Phillips, supra,* 357 F.3d at 1242-43. Conversely, "[e]xclusive reliance on the Grids is not appropriate [and the ALJ must consult a VE] when 'the claimant is unable to perform a full range of work at a given residual functional level or when claimant has non-exertional impairments that significantly limit basic work skills.'" *Stone, supra,* 503 Fed.Appx. at 694, quoting *Phillips, supra,* 357 F.3d at 1242 (other citation omitted); *see also Baker, supra,* 384 Fed.Appx. at 895 ("[A]n ALJ must consult a vocational expert upon finding either (1) that the claimant is not able to perform a full range of work at a given residual functional level or (2) that the 'claimant has nonexertional impairments that significantly limit basic work skills.'"). Importantly,

---

[7] "The grids provide an algorithm to determine a claimant's ability to engage in employment other than their past work based on factors such as a person's age, education, previous employment, and maximum physical capabilities." *Werner v. Commissioner of Soc. Sec.,* 421 Fed.Appx. 935, 939 (11th Cir. Mar. 21, 2011) (citation omitted).

[8] "A vocational expert is an expert on the kinds of jobs an individual can perform based on her capacity and impairments." *Phillips, supra,* 357 F.3d at 1240.

whenever nonexertional limitations are alleged, "[t]he ALJ must 'make a specific finding as to whether the nonexertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.'" *Foote v. Chater,* 67 F.3d 1553, 1559 (11th Cir. 1995) (citations omitted).

Having reviewed the ALJ's decision, the Court finds that the ALJ erred to reversal in finding that "the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a)." (Tr. 39).[9] As reflected above, an individual "must be able to perform substantially all of the exertional and nonexertional functions required to work" at a particular exertional level, like sedentary work, before an ALJ can properly find that the individual can perform a full range of work at that exertional level. *Baker, supra,* 384 Fed.Appx. at 895, quoting SSR 96-8p. And, of course, a full range of sedentary work requires good use of the hands and fingers for repetitive hand-finger actions, *see* SSR 96-9p, that is, bilateral manual dexterity, *see Foote, supra* (recognizing that the full range of sedentary work requires bilateral manual dexterity). Here, the ALJ found that Plaintiff has the severe impairment of "cerebral palsy with spastic left hemiparesis" (Doc. 37), yet thereafter ignored the very definition of that impairment[10] and all evidence of record descriptive of the problems

---

[9] The ALJ went on to find that "[t]her is no indication of any documented limitation(s) to the claimant's ability to do work-related mental activities." (*Id.*) Although plaintiff takes the ALJ to task regarding this finding (*see* Doc. 14, at 16-20), this Court does not discuss this error in light of the conclusion that this case is due to be remanded for other reasons.

[10] "Cerebral palsy [] is a group of disorders that affect a person's ability to move and maintain balance and posture. . . . *Cerebral* means having to do with the brain. *Palsy* means weakness or problems with using the muscles. CP is caused by abnormal brain development or damage to the developing brain that affects a person's ability to control his or her muscles." https://www.cdc.gov/ncbddd/cp/facts.html (last visited, July 13, 2020, at 4:00 p.m.). There are four types of cerebral palsy, the most common of which is spastic CP. *Id.* "People with spastic CP have increased muscle tone. This means their muscles are stiff and, as a result, their movements (Continued)

associated with this impairment. Specifically, Plaintiff gave testimony that she can use her left hand as a helper hand but, for instance, cannot write or type (Tr. 64-65), and the medical evidence reflects that upon testing on August 6, 2015, Plaintiff had a severe deficit for gross motor function with the left upper extremity, based upon a measure of grip strength (with a hand Dynamometer) producing a left hand score of 11.5kg (Tr. 647). Moreover, on April 14, 2015, Dr. Frank Fondren noted weakness in Hadley's left upper extremity prior to performing her right knee surgery (Tr. 618) and on October 16, 2018, the claimant's treating neurologist, Dr. Ozgur Oztas, specifically noted (under "Strength") that her spastic left hemiparesis, due to cerebral palsy, was chronic and unchanged and that she had limited movements and range of motion of her left upper extremity (Tr. 787; *see also* Tr. 744 (September 6, 2017 office visit notes weakness of left arm on examination); *see* Tr. 763 ("She held her left arm and hand very awkwardly.")). The ALJ ignored all of this relevant medical and testimonial evidence (*see* Tr. 36-43) and, as a result, this Court cannot find that the ALJ's determination that Plaintiff can perform a full range of sedentary work is supported by substantial evidence.[11] Entirely missing from the ALJ's decision is any finding or analysis regarding whether the nonexertional limitations

---

can be awkward." *Id.* Spastic cerebral palsy is usually described by what parts of the body are affected, with spastic hemiparesis/hemiplegia affecting one side of the individual's body (usually the arm more than the leg). *Id.*

[11] While it is certainly true that "'there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole[,]'" *Mitchell v. Commissioner, Social Security Admin.,* 771 F.3d 780, 782 (11th Cir. 2014), quoting *Dyer, supra,* 395 F.3d at 1211, this very problem arises in a case, like the present, where the ALJ has disregarded/ignored all evidence of record regarding nonexertional limitations attendant to Plaintiff's severe impairment of cerebral palsy with spastic left hemiparesis, *see McCruter v. Bowen,* 791 F.2d 1544, 1548 (11th Cir. 1986) ("It is not enough to discover a piece of evidence which supports that decision, but to disregard other contrary evidence. The review must take into account and evaluate the record as a whole.")

associated with the performance of manipulative functions, such as repetitive hand-finger actions (as well as those limitations associated with seizure activity discussed *infra*), are severe enough to preclude a wide range of employment at the sedentary level.[12] Indeed, in light of the evidence previously delineated by the Court, it appears clear that the claimant would be limited to jobs at the sedentary level that do not involve the ability to handle and work with small objects with both hands. Moreover, given the ALJ's acknowledgment that Hadley had a mild seizure in September of 2018 (Tr. 42), this begs the question whether Plaintiff can perform work around dangerous machinery and, therefore, perform a full range of sedentary work. *See Williams v. Halter,* 135 F.Supp.2d 1225, 1227 (M.D. Fla. 2001) (finding seizures a non-exertional impairment which negate the ability to work around heights and dangerous machinery and would prevent the claimant from performing unlimited types of sedentary work). Accordingly, on these bases alone, without addressing Plaintiff's arguments relative to whether Plaintiff can perform the walking and standing of a full range of sedentary work (*see* Doc. 14, at 14-16),[13] this Court finds the ALJ's determination that Plaintiff can perform the full range of sedentary work is not supported by substantial evidence. Moreover, because the relevant evidence appears to establish that Plaintiff experiences non-exertional impairments and limitations that significantly limit her ability to perform a full range of sedentary work, the ALJ should

---

[12] This critical finding is missing, of course, due to the ALJ ignoring critical evidence of record.

[13] The ALJ should certainly look more closely at this issue on remand. As well, on remand, the ALJ need consider whether Plaintiff's impairments meet or equal Listing 1.02A and whether an erroneous conclusion was reached that Plaintiff has no mental limitations which would impair her ability to perform the full range of sedentary work.

consult a VE regarding what sedentary jobs, if any, remain in the national economy which Hadley can perform.

## **CONCLUSION**

In light of the foregoing, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 17th day of July, 2020.

s/P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**